## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

REVO REYNOLDS,

        Plaintiff,                         CASE NO.

vs.

JOY ADAMS, in her capacity as
Mayor of the City of Hallandale
Beach, Florida, THE SET ENTERPRISES, INC.,
a Florida profit corporation, and JOSUE
HERNANDEZ, individually,

        Defendants.

_____/

## COMPLAINT

This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, by REVO REYNOLDS [hereafter "PLAINTIFF"] against JOY ADAMS, in her official capacity as Mayor of the City of Hallandale Beach, Florida [hereafter "Defendant MAYOR"], THE SET ENTERPRISES, INC., a Florida Profit Corporation, [hereafter "Defendant SET"] and JOSUE HERNANDEZ, individually [hereafter "Defendant HERNANDEZ"].

## BRIEF SUMMARY OF THE CASE

1.      On or about February 28, 2016, Defendant HERNANDEZ was a deputy employed by Defendant MAYOR. While in his City of Hallandale Beach Police uniform and acting under color of state law in his capacity as a police officer, and while employed by Defendant SET on an off-duty security detail at Cheetah Gentleman's Club, Defendant HERNANDEZ punched PLAINTIFF in the head without legal justification, knocking him unconscious and otherwise injuring PLAINTIFF. Defendant HERNANDEZ then arrested or caused PLAINTIFF to be arrested by another City of Hallandale Beach Police Officer without probable cause or arguable probable cause. These actions were in retaliation for PLAINTIFF exercising his rights protected under the First Amendment of the U.S. Constitution.

2.      Defendant MAYOR was deliberately indifferent to PLAINTIFF's civil rights by its failure to train, supervise, discipline, or terminate Defendant HERNANDEZ, because Defendant MAYOR was aware of Defendant HERNANDEZ'S dangerous propensities prior to February 28, 2016, and failed to act to prevent PLAINTIFF and others similarly situated from violations of their constitutional rights.

3.      Defendant HERNANDEZ also falsified police reports in an attempt to justify his use of force against PLAINTIFF, leading to the prosecution of PLAINTIFF in state court. PLAINTIFF reached a bona fide resolution in his favor of all criminal charges.

4.      At all times material, Defendant HERNANDEZ was an employee of Defendant SET, which was negligent by and hiring and retaining Defendant HERNANDEZ when it knew, or by the use of reasonable diligence, should have known, that Defendant Hernandez's history of excessive force made Defendant HERNANDEZ unsuitable for an off-duty security detail at a gentleman's club. The Defendants thereby committed state law torts and violated PLAINTIFF's federal civil rights.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the First, Fourth, and Fourteenth Amendments of the United States Constitution, and the laws of the State of Florida. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court for the Southern District of Florida under 28 U.S.C. § 1367(a) to hear pendent State tort claims arising under State law, pursuant to U.S.C. § 1367(a).

6.      The amount at issue in this case, excluding interest and costs, exceeds the jurisdictional limits of this Court.

7.      PLAINTIFF presented his claims in writing to Defendant MAYOR by means of a notice of claim letter in full satisfaction of Florida Statute § 768.28 within three (3) years of the

accrual of the causes of action.

8.      Defendant MAYOR never made final disposition of the written claims of
PLAINTIFF within six (6) months of their presentation.

## PARTIES

9.      PLAINTIFF is a resident of Miami-Dade County, Florida, an adult, and is
subject to the jurisdiction of this Court.

10.     At all times material, Defendant HERNANDEZ was acting under color of law
as a police officer employed by Defendant MAYOR and was being paid as an employee of
Defendant SET.

11.     Defendant MAYOR, as mayor of the City of Hallandale Beach, Florida is the
head municipal official of the City of Hallandale Beach, Florida, a municipal corporation
organized and existing under the Constitution and laws of the State of Florida. In this cause,
Defendant MAYOR is the successor of Joy Cooper, who was mayor of the City of Hallandale
Beach on February 28, 2016, and who acted through her agents, employees, and servants,
including Defendant HERNANDEZ.

12.     Defendant SET is a Florida profit corporation whose primary place of business
is in Broward County, Florida. All of its acts or omissions giving rise to causes of actions herein
occurred in Broward county, Florida.

## FACTS COMMON TO ALL COUNTS

13.     On or about February 28, 2016, Defendant HERNANDEZ was a City of
Hallandale Beach police officer working an off-duty detail at Cheetah Gentleman's Club, which
is owned by Defendant SET.

14.     Defendant HERNANDEZ had been the subject of numerous complaints and
internal affairs investigations for excessive force before he was hired by Defendant SET.
Defendant SET therefore knew, or should have known, by use of reasonable diligence, that
Defendant HERNANDEZ had dangerous propensities regarding the use of excessive force,

making him unsuitable for an off-duty security detail at Cheetah Gentleman's Club.

15.     At all times material, Defendant MAYOR knew, or should have known, by use of reasonable diligence, that Defendant HERNANDEZ had dangerous propensities regarding the use of excessive force while engaged in his duties as a police officer.

16.     PLAINTIFF was a business invitee and patron of Defendant SET on February 28, 2016.

17.     PLAINTIFF left Cheetah Gentleman's Club upon being asked to leave by staff.

18.     PLAINTIFF voiced his displeasure at being asked to leave, but at no point was PLAINTIFF intoxicated, nor did PLAINTIFF affect the peace and quiet of persons who witnessed him, or otherwise commit disorderly conduct.

19.     Defendant HERNANDEZ was stationed at his off-duty security detail near the front entrance of Cheetah Gentleman's Club.

20.     Upon hearing PLAINTIFF's comments about being displeased at being asked to leave Cheetah Gentleman's Club, Defendant HERNANDEZ became irate and punched PLAINTIFF in the head and otherwise battered him, rendering PLAINTIFF unconscious.

21.     Defendant HERNANDEZ then arrested PLAINTIFF or ordered another City of Hallandale Police Officer to effectuate PLAINTIFF's arrest.

22.     Defendant HERNANDEZ then wrote a police report that attempted to justify his use of excessive force against PLAINTIFF by falsely alleging actions by PLAINTIFF that constitute multiple criminal offenses when, in fact, no criminal offenses were committed.

23.     In reliance upon Defendant HERNANDEZ's police report, the Office of the State Attorney filed two felony counts and one misdemeanor count against PLAINTIFF.

24.     PLAINTIFF suffered extensive and permanent injuries, both physically and mentally, and his earning potential was diminished substantially, as a result of the injuries he suffered from his arrest.

### COUNT 1

### FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT HERNANDEZ, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant HERNANDEZ individually in Count 1, PLAINTIFF states:

25.     PLAINTIFF realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 24.

26.     When Defendant HERNANDEZ was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by Defendant MAYOR, Defendant HERNANDEZ subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right to be secure in his person against the use of excessive force, under the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

27.     With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of Defendant HERNANDEZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

28.     As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury.

29.     As a further direct and proximate result of the conduct of Defendant HERNANDEZ, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A.      Judgment for compensatory damages against Defendant HERNANDEZ in

excess of $15,000;

B.      Judgment for exemplary damages;

C.      Cost of suit;

D.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

E.      Trial by jury as to all issues so triable; and

F.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

## FOURTH AMENDMENT FALSE ARREST CLAIM AGAINST DEFENDANT HERNANDEZ, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant HERNANDEZ, individually, in Count 2, PLAINTIFF states:

30.     PLAINTIFF realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 24.

31.     When Defendant HERNANDEZ was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by Defendant MAYOR, Defendant HERNANDEZ subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful arrest under the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

32.     With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of Defendant HERNANDEZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

33.     As a direct and proximate result of the acts described above, PLAINTIFF suffered

great humiliation, significant physical injury, emotional, mental, and psychological injury, and loss of earning capacity.

34.   As a further direct and proximate result of the conduct of Defendant HERNANDEZ, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A.   Judgment for compensatory damages against Defendant HERNANDEZ in excess of $15,000;

B.   Judgment for exemplary damages;

C.   Cost of suit;

D.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

E.   Trial by jury as to all issues so triable; and

F.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

## FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT HERNANDEZ, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant HERNANDEZ individually in Count 3, PLAINTIFF states:

35.   PLAINTIFF realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1 through 24.

36.   Defendant HERNANDEZ's arrest of PLAINTIFF was in retaliation for PLAINTIFF's statements to HERNANDEZ, and in the absence of probable cause that PLAINTIFF committed any criminal offense.  *Davis v. Williams*, 451 F.3d 759, 767 (11th Cir. 2006).

37.     The arrest of PLAINTIFF by Defendant HERNANDEZ occurred in the absence of probable cause that PLAINTIFF committed any criminal offense and would likely deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of Defendant HERNANDEZ toward PLAINTIFF constitutes unlawful retaliation in violation of PLAINTIFF's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

38.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill and earning capacity.

39.     As a further direct and proximate result of the conduct of Defendant HERNANDEZ, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A.      Judgment for compensatory damages against Defendant HERNANDEZ in excess of $15,000;

B.      Judgment for exemplary damages;

C.      Cost of suit;

D.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E.      Trial by jury as to all issues so triable; and

F.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

### 42 U.S.C. § 1983 VIOLATION BY INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE AGAINST DEFENDANT HERNANDEZ

For his cause of action against Defendant HERNANDEZ individually in Count 4, PLAINTIFF states:

40.     PLAINTIFF realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 24.

41.     With regard to this count, the prosecution was initiated with the presence of fraud, malice, deliberate violence or oppression, to wit: Defendant HERNANDEZ knew no probable cause existed for the initiation and pursuit of prosecution against PLAINTIFF or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF.

42.     As a direct and proximate result of the malicious prosecution of PLAINTIFF, he has suffered mental anguish, loss of capacity for the enjoyment of life, significant physical injury, emotional, mental, and psychological injury, expenses of traveling to court, humiliation personally, and loss of his freedom and civil rights. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income and earning capacity, attorneys' fees, cost of bond and defense, endured mental suffering, and aggravation of his physical and mental condition and suffered a damaged reputation, including business reputation.

43.     The conduct of Defendant HERNANDEZ violated PLAINTIFF's right to be free of unreasonable and lawful seizure, secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory damages against Defendant HERNANDEZ in excess of $15,000;

B.      Judgment for exemplary damages;

C.      Cost of suit;

D.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E.      Trial by jury as to all issues so triable; and

F.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 5

## MONELL CLAIM FOR FAILURE TO ACT AGAINST DEFENDANT MAYOR, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant MAYOR in Count 5, PLAINTIFF states:

44.     PLAINTIFF realleges and adopts, as if fully set forth in Count 5, the allegations of paragraphs 1 through 24.

45.     While Defendant HERNANDEZ was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by Defendant MAYOR, Defendant HERNANDEZ subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful arrest and excessive force under the Fourth Amendment, deprivation of Due Process rights under the Fourth and/or Fourteenth Amendments by the presentation of fabricated and falsely incriminating police reports to the prosecuting authority, and retaliatory arrest against PLAINTIFF for exercising his First Amendment rights to free speech, all within the meaning of 42 U.S.C. § 1983.

46.     On October 30, 2009, previous to the date Defendant HERNANDEZ committed the aforementioned acts against PLAINTIFF, Defendant HERNANDEZ used excessive force against a similarly situated Plaintiff, Kenneth Salazar, falsely arrested/falsely imprisoned Kenneth Salazar, and presented fabricated and falsely incriminating police reports to the prosecuting authority in connection with Kenneth Salazar's arrest.

47.     Defendant HERNANDEZ thereby previously engaged in a nearly identical course of conduct against Kenneth Salazar, punching him in the head and arresting him without legal justification, then falsifying police reports to justify his actions.

48.     Defendant HERNANDEZ was sued under 42 U.S.C. § 1983 for his conduct against Kenneth Salazar.  That lawsuit was tried before a jury, and a verdict was returned and judgment entered in favor of Kenneth Salazar, finding Defendant HERNANDEZ liable for civil rights violations, battery, and malicious prosecution. Kenneth Salazar was awarded a judgment of $82,054.16.

49.     Defendant HERNANDEZ has also been the subject of numerous internal affairs complaints, many of which have been sustained, as a result of conduct substantially similar to that at issue herein and the conduct at issue in the lawsuit filed by Kenneth Salazar.

50.     The aforementioned previous unlawful and harmful actions committed by Defendant HERNANDEZ against Kenneth Salazar, and those resulting in numerous internal affairs complaints, taken by Defendant HERNANDEZ in his official capacity as a law enforcement officer and employee of Defendant MAYOR, placed Defendant MAYOR on actual or constructive notice of the dangerous propensities toward false arrest, excessive force, fabrication of evidence, and retaliatory arrest by Defendant HERNANDEZ.

51.     Defendant MAYOR failed to take sufficient actions to remedy the dangerous condition presented by Defendant HERNANDEZ's continued employment as a police officer, including but not limited to, failing to provide sufficient remedial training for Defendant HERNANDEZ, failing to discipline Defendant HERNANDEZ for his conduct, failing to reassign Defendant HERNANDEZ to a different detail, failing to adequately supervise Defendant HERNANDEZ, failing to place Defendant HERNANDEZ on probation, or failing to terminate Defendant HERNANDEZ's employment as a police officer.

52.     Defendant MAYOR's failure to act constitutes deliberate indifference to PLAINTIFF's civil rights, in violation of the First, Fourth, and Fourteenth Amendments to the

U.S. Constitution and 42 U.S.C. 1983.

53.    Defendant MAYOR's failure to act was the moving force behind the violation of PLAINTIFF's civil rights.

54.    As a direct and proximate result of the failure to act described above, PLAINTIFF suffered great humiliation, significant physical injury, loss of income, emotional, mental and psychological injury, and damaged reputation, including business reputation/goodwill.

55.    As a further direct and proximate result of the omissions of Defendant MAYOR, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINTIFF prays:

A.    Judgment for compensatory damages against Defendant MAYOR in excess of $15,000;

B.    Judgment for exemplary damages;

C.    Cost of suit;

D.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E.    Trial by jury as to all issues so triable; and

F.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 6

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT MAYOR, PLEAD IN THE ALTERNATIVE TO COUNTS 8 AND 12

For his cause of action against Defendant MAYOR in Count 6, PLAINTIFF states:

56.    PLAINTIFF realleges and adopts, as if fully set forth in Count 6, the allegations

of paragraphs 1 through 24.

57.     Defendant HERNANDEZ intentionally inflicted harmful or offensive contact upon the person of PLAINTIFF.

58.     The contact occurred without PLAINTIFF's consent.

59.     In the alternative to the allegations of Counts 8 and 12, the intentional harmful or offensive contact upon the person of PLAINITFF by Defendant HERNANDEZ was committed in the course and scope of his employment as a police officer employed by Defendant MAYOR and not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, and Defendant MAYOR is thus vicariously liable for Defendant HERNANDEZ's conduct.

60.     As a police officer and employee of Defendant MAYOR, Defendant HERNANDEZ was subject to Defendant MAYOR's supervision and control.

61.     As a direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

62.     As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

63.     PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory and economic damages against Defendant MAYOR in excess of $15,000;

B.      Cost of suit;

C.      Trial by jury as to all issues so triable;

D.      Such other relief as this Honorable Court may deem just and appropriate.

### COUNT 7

### RESPONDEAT SUPERIOR/VICARIOUS LIABILITY STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT SET, PLEAD IN THE ALTERNATIVE TO COUNTS 8 AND 13

For his cause of action against Defendant SET in Count 7, PLAINTIFF states:

64.     PLAINTIFF realleges and adopts, as if fully set forth in Count 7, the allegations of paragraphs 1 through 24.

65.     Defendant HERNANDEZ intentionally inflicted harmful or offensive contact upon the person of PLAINTIFF.

66.     The contact occurred without PLAINTIFF's consent.

67.     Alternatively to Counts 8 and 13, the intentional harmful or offensive contact upon the person of PLAINITFF by Defendant HERNANDEZ was committed in the course and scope of his employment as an employee of Defendant SET, and Defendant SET is thus vicariously liable for Defendant HERNANDEZ's conduct.

68.     As a police officer and employee of Defendant SET, Defendant HERNANDEZ was subject to Defendant SET's supervision and control.

69.     As a direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

70.     As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and

personal humiliation.

71.     PLAINTIFF's losses or damages are either permanent or continuing in nature,

and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory and economic damages against Defendant SET in

excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 8

## STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT HERNANDEZ, PLEAD IN THE ALTERNATIVE TO COUNTS 6 AND 7

For his cause of action against Defendant HERNANDEZ individually in Count 8,

PLAINTIFF states:

72.     PLAINTIFF realleges and adopts, as if fully set forth in Count 8, the allegations

of paragraphs 1 through 24.

73.     Defendant HERNANDEZ intentionally inflicted harmful or offensive contact

upon the person of PLAINTIFF.

74.     The contact occurred without PLAINTIFF's consent.

75.     Alternatively to Counts 6 and 7, the intentional harmful or offensive contact

upon the person of PLAINITFF by Defendant HERNANDEZ was committed while acting

outside the course and scope of his employment as a police officer employed by Defendant

MAYOR, or was committed in bad faith or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety, or property.

76.     As a direct and proximate result of the intentionally inflicted harmful or

offensive contact, PLAINTIFF has suffered grievously, has been brought into public scandal,

with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

77.     As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

78.     The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory damages against Defendant HERNANDEZ in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 9

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY STATE LAW CLAIM OF FALSE IMPRISONMENT AGAINST DEFENDANT MAYOR, PLEAD IN THE ALTERNATIVE TO COUNTS 10 AND 12

For his cause of action against Defendant MAYOR in Count 9, PLAINTIFF states:

79.     PLAINTIFF realleges and adopts, as if fully set forth in Count 9, the allegations of paragraphs 1 through 24.

80.     Defendant HERNANDEZ unlawfully detained PLAINTIFF and deprived PLAINTIFF of his liberty. Alternatively to Counts 10 and 12, Defendant HERNANDEZ committed these acts while acting within the course and scope of his employment as a police officer employed by Defendant MAYOR and not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

81.     The unlawful detention and deprivation of liberty was against PLAINTIFF's will.

82.     Defendant HERNANDEZ acted without legal authority or color of authority in the unlawful detention of PLAINTIFF and the deprivation of PLAINTIFF's liberty.

83.     The unlawful detention of PLAINTIFF and deprivation of PLAINTIFF's liberty were unreasonable and unwarranted under the circumstances.

84.     The unlawful detention and deprivation of PLAINITFF's liberty against his will without legal authority or color of authority which was unreasonable and unwarranted under the circumstances, committed by Defendant HERNANDEZ was committed in the course and scope of his employment as a police officer employed by Defendant MAYOR, and Defendant MAYOR is thus vicariously liable for Defendant HERNANDEZ'S conduct.

85.     As a direct and proximate result of Defendant HERNANDEZ's actions, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

86.     As a further direct and proximate result of Defendant HERNANDEZ's actions, PLAINTIFF has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

WHEREFORE, PLAINTIFF prays:

A.      Judgment for compensatory damages against Defendant MAYOR in excess of $15,000;

B.      Cost of suit, including reasonable attorneys fees;

C.      Trial by jury as to all issues so triable;

D.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 10

## STATE LAW CLAIM OF FALSE IMPRISONMENT AGAINST DEFENDANT HERNANDEZ, PLEAD IN THE ALTERNATIVE TO COUNT 9

For his cause of action against Defendant MAYOR in Count 10, PLAINTIFF states:

87.     PLAINTIFF realleges and adopts, as if fully set forth in Count 10, the allegations of paragraphs 1 through 24.

88.     Defendant HERNANDEZ unlawfully detained PLAINTIFF and deprived PLAINTIFF of his liberty. Alternatively to Count 9, Defendant HERNANDEZ committed these acts while acting outside the course and scope of his employment as a police officer employed by Defendant MAYOR or committed these acts in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

89.     The unlawful detention and deprivation of liberty was against PLAINTIFF's will.

90.     Defendant HERNANDEZ acted without legal authority or color of authority in the unlawful detention of PLAINTIFF and the deprivation of PLAINTIFF's liberty.

91.     The unlawful detention of PLAINTIFF and deprivation of PLAINTIFF's liberty were unreasonable and unwarranted under the circumstances.

92.     The unlawful detention and deprivation of PLAINITFF's liberty against his will without legal authority or color of authority which was unreasonable and unwarranted under the circumstances, committed by Defendant HERNANDEZ was committed in the course and scope of his employment as police officers employed by Defendant MAYOR, and Defendant MAYOR is thus vicariously liable for Defendant HERNANDEZ'S conduct.

93.     As a direct and proximate result of Defendant HERNANDEZ's actions, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological

injury, and damaged reputation.

94.     As a further direct and proximate result of Defendant HERNANDEZ's actions, PLAINTIFF has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory damages against Defendant MAYOR in excess of $15,000;

B.     Cost of suit, including reasonable attorneys fees;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 11

## STATE LAW CLAIM OF MALICIOUS PROSECUTION AGAINST DEFENDANT HERNANDEZ

For his cause of action against Defendant HERNANDEZ individually in Count 11, PLAINTIFF states:

95.     PLAINTIFF realleges and adopts, as if fully set forth in Count 11, the allegations of paragraphs 1 through 24.

96.     Criminal proceedings were initiated against Defendant HERNANDEZ by the State of Florida.

97.     Defendant HERNANDEZ was the legal cause of the initiation of the criminal proceedings, as Defendant HERNANDEZ authored a sworn, false probable cause affidavit and case supplemental report, fabricating acts and conduct that would constitute a crime by PLAINTIFF, in an attempt to justify Defendant HERNANDEZ's use of force against

PLAINTIFF.

98.     Defendant HERNANDEZ submitted, or caused to be submitted, to the Office of the State Attorney, sworn, fabricated documents, including but not limited to his sworn, false case supplemental report and probable cause affidavit, (hereinafter, "Defendant HERNANDEZ's Fabricated Documents"), that were the basis upon which the Office of the State Attorney filed one felony count of resisting an officer with violence, one felony count of battery on a law enforcement officer, and one misdemeanor count of trespass against PLAINTIFF.

99.     At all times material hereto, Defendant HERNANDEZ knew that Defendant HERNANDEZ''s Fabricated Documents would be relied upon by prosecuting authorities for the commencement and continuation of criminal proceedings against PLAINTIFF.

100.    These acts were committed by Defendant HERNANDEZ while acting outside the course and scope of his employment as a police officer employed by Defendant MAYOR, or were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

101.    The termination of the aforementioned criminal case constituted a bona fide resolution of that proceeding in favor of PLAINTIFF.

102.    There was an absence of probable cause for the criminal proceedings.

103.    Defendant HERNANDEZ acted with malice by submitting, or causing the submission of, Defendant HERNANDEZ's Fabricated Documents to the Office of the State Attorney, which were the basis of criminal charges being brought against PLAINTIFF.

104.    PLAINTIFF suffered damage as a result of the criminal proceedings that were commenced as a result of Defendant HERNANDEZ's malicious prosecution.

105.    PLAINTIFF's damages include, but are not limited to, spending time in jail, the cost of bond, cost of defense, damage to his reputation, and psychological and emotional harm brought on by the ordeal of facing false criminal charges.

106.    As a direct and proximate result of Defendant HERNANDEZ's actions,

PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation.

107.     As a further direct and proximate result of Defendant HERNANDEZ's malicious prosecution, PLAINTIFF has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory damages against Defendant HERNANDEZ in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT 12**

**STATE LAW CLAIM OF NEGLIGENT RETENTION OR SUPERVISION AGAINST DEFENDANT MAYOR, PLEAD IN THE ALTERNATIVE TO COUNTS 6 AND 9**

For his cause of action against Defendant MAYOR in Count 12, PLAINTIFF states:

108.     PLAINTIFF realleges and adopts, as if fully set forth in Count 12, the allegations of paragraphs 1 through 24.

109.     Prior to February 28, 2016, Defendant HERNANDEZ engaged in or showed a propensity to engage in conduct that is in its nature dangerous to members of the general public.

110.     Prior to February 28, 2016, Defendant MAYOR was aware, or should have been aware, that Defendant HERNANDEZ had previously acted, or in all probability would act, in a manner dangerous to other persons.

111.     Alternatively to counts 6 and 9, Defendant HERNANDEZ's conduct herein was

outside of the course and scope of Defendant HERNANDEZ's employment with Defendant MAYOR.

112.    Prior to February 28, 2016, Defendant MAYOR had the ability to control Defendant HERNANDEZ such as to have substantially reduced the probability of harm to other persons.

113.    PLAINTIFF was in fact injured by an act of Defendant HERNANDEZ that could reasonably have been anticipated by Defendant MAYOR and that by exercising due diligence and authority over Defendant HERNANDEZ, Defendant MAYOR might reasonably have prevented.

114.    PLAINTIFF was within a zone of risk that was reasonably foreseeable to Defendant MAYOR, created by Defendant MAYOR's retention of, and/or lack of supervision over, Defendant HERNANDEZ as a deputy mayor despite his propensity to engage in dangerous conduct.

115.    By such acts or omissions, Defendant MAYOR breached his duty to PLAINTIFF to exercise reasonable care in retaining and/or supervising employees, because Defendant MAYOR was placed on actual or constructive notice of Defendant HERNANDEZ's dangerous tendencies, nature, or character, and it was unreasonable for Defendant MAYOR to not take sufficient corrective action in the form of appropriate investigation, supervision, reassignment, or termination.

116.    As a direct and proximate result of Defendant MAYOR's negligent retention or supervision of Defendant HERNANDEZ, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury.

117.    The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory damages against Defendant MAYOR in excess of

$15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 13

### STATE LAW CLAIM OF NEGLIGENT RETENTION OR SUPERVISION AGAINST DEFENDANT SET, PLEAD IN THE ALTERNATIVE TO COUNT 7

For his cause of action against Defendant SET in Count 13, PLAINTIFF states:

118.    PLAINTIFF realleges and adopts, as if fully set forth in Count 13, the

allegations of paragraphs 1 through 24.

119.    Prior to February 28, 2016, Defendant HERNANDEZ engaged in or showed a

propensity to engage in conduct that is in its nature dangerous to members of the general public.

120.    Prior to February 28, 2016, Defendant SET was aware, or should have been

aware, that Defendant HERNANDEZ had previously acted, or in all probability would act, in a

manner dangerous to other persons.

121.    Prior to February 28, 2016, Defendant SET had the ability to control Defendant

HERNANDEZ such as to have substantially reduced the probability of harm to other persons.

122.    Alternatively to count 7, Defendant HERNANDEZ's conduct herein was

outside of the course and scope of Defendant HERNANDEZ's employment with Defendant

SET.

123.    PLAINTIFF was in fact injured by an act of Defendant HERNANDEZ that

could reasonably have been anticipated by Defendant SET and that by exercising due diligence

and authority over Defendant HERNANDEZ, Defendant SET might reasonably have prevented.

124.    PLAINTIFF was within a zone of risk that was reasonably foreseeable to

Defendant SET, created by Defendant SET's retention of, and/or lack of supervision over,

Defendant HERNANDEZ, who was employed by Defendant SET despite his propensity to engage in dangerous conduct.

125.     By such acts or omissions, Defendant SET breached his duty to PLAINTIFF to exercise reasonable care in retaining and/or supervising employees, because Defendant SET was placed on actual or constructive notice of Defendant HERNANDEZ's dangerous tendencies, nature, or character, and it was unreasonable for Defendant SET to not take sufficient corrective action in the form of appropriate investigation, supervision, reassignment, or discharge.

126.     As a direct and proximate result of Defendant SET's negligent retention or supervision of Defendant HERNANDEZ, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury.

127.     The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory damages against Defendant SET in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.


DATED this 10th day of May, 2019.

                                        RUDENBERG & GLASSER, P.A.
                                        Counsel for PLAINTIFF
                                        633 SE 3rd Avenue, Suite 4F
                                        Ft. Lauderdale, FL 33301
                                        t.(954) 463-9518
                                        f.(954) 463-1245
                                        erudenberg@gmail.com

By:    s/ Eric Rudenberg

_____

ERIC RUDENBERG, ESQ.
Fla. Bar No. 0081992