UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61189-RAR

**REVO REYNOLDS,**

    Plaintiff,

v.

**CITY OF HALLANDALE BEACH, FLORIDA**; **THE SET ENTERPRISES, INC.**, a Florida profit corporation; and **JOSUE HERNANDEZ**, individually,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. On November 7, 2019, Plaintiff filed a Second Amended Complaint against Defendants City of Hallandale Beach Florida ("City"), The Set Enterprises, Inc. ("Set"), and Josue Hernandez ("Hernandez"). *See* Second Amended Complaint [ECF No. 53]. Plaintiff's Second Amended Complaint advances a series of constitutional violations under 42 U.S.C. § 1983, as well as several state law claims.[1] *Id.* Plaintiff alleges subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331, 28 U.S.C. § 1343, and supplemental jurisdiction under 28 U.S.C. § 1367(a). *Id.* at ¶ 5.

---

[1] Specifically, Plaintiff's Second Amended Complaint alleges the following counts: Excessive Force Under 42 U.S.C. § 1983 Against Hernandez (Count 1); False Arrest Under 42 U.S.C. § 1983 Against Hernandez (Count 2); Initiation and Pursuit of Prosecution Without Probable Cause Under 42 U.S.C. § 1983 Against Hernandez (Count 3); *Monell* Claim for Failure to Act Under 42 U.S.C. § 1983 Against the City (Count 4); Vicarious Liability for State Law Claim of Battery Against Set (Count 5); State Law Claim of Battery Against Hernandez (Count 6); State Law Claim of False Imprisonment Against Hernandez (Count 7); State Law Claim of Malicious Prosecution Against Hernandez (Count 8); State Law Claim of Negligent Retention Against the City (Count 9); and State Law Claim of Negligent Retention Against Set (Count 10). *See generally* Second Am. Comp.

On March 13, 2020, Defendant Set filed a Motion for Summary Judgment [ECF No. 75], and later, an Amended Motion for Summary Judgment [ECF No. 76]. On May 7, 2020, Plaintiff and Defendants City of Hallandale Beach and Josue Hernandez filed a Stipulation for Dismissal With Prejudice [ECF No. 91], stipulating to the dismissal of all claims against the City and Hernandez. Accordingly, the only remaining claims in this case are the two state law claims against Set—Vicarious Liability for the State Law Claim of Battery (Count 5) and the State Law Claim of Negligent Retention or Supervision (Count 10).

Given the dismissal of all of Plaintiff's federal law claims, there remains no independent basis to support the Court's exercise of original jurisdiction over Plaintiff's state law claims against Set. Under 28 U.S.C. § 1367(c), where the court has dismissed all claims over which it has original jurisdiction, the court has discretion to exercise supplemental jurisdiction over the remaining state law claims. *See Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1567 (11th Cir. 1994). As the Eleventh Circuit made clear in *Palmer*, if a court has power to exercise supplemental jurisdiction under § 1367(a), then the court should exercise that jurisdiction unless § 1367(b) or (c) applies to limit the exercise. *See id.* In this case, § 1367(c) applies because the court "has dismissed all claims over which it has original jurisdiction," namely Plaintiff's § 1983 claims. *See* 28 U.S.C. § 1367(c)(3).

Therefore, the Court finds that the remaining state law claims are best resolved by Florida courts. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.") (citing *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992)). This is especially true where all of Plaintiff's

federal law claims have been dismissed prior to trial.[2]  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *see also Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (explaining that "[t]he argument for dismissing the state law claims in order to allow state courts to resolve issues of state law is even stronger when the federal law claims have been dismissed prior to trial"); *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[T]his Court has noted that if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims.") (citations and internal quotations omitted).  Moreover, "[b]oth comity and economy are served when issues of state law are resolved by state courts." *Rowe*, 279 F.3d at 1288 (citation omitted).  Accordingly, the Court declines to exercise supplemental jurisdiction over Counts Five and Ten of Plaintiff's Second Amended Complaint.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Counts 5 and 10 of Plaintiff's Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.  Any pending motions are **DENIED AS MOOT**.  The Clerk is directed to mark this case **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of July, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[2]  Although this case was originally set for trial in May 2020, the trial date has been pushed back repeatedly due to Administrative Orders issued by the Southern District of Florida continuing all jury trials given the COVID-19 pandemic.  Most recently, Administrative Order 2020-41 continued all trials in the District until October 13, 2020.  Thus, even if the Court could accommodate the parties in its first-available jury trial period, the trial would not occur for at least another three months.  Dismissing this case now, when it is clear that trial will not occur in the near future, advances principles of comity and economy.